UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| BARRY SEARCY,<br><br>               Plaintiff,<br><br>     v.<br><br>MARTIN THOMAS, KELLY BROWN, TERRY KNAPP, PAUL "B.J." BJORUM, and SCOTT WALDEN, employees of Correctional Industries; IDOC Div. of Prisons Chief Pam Sonnen, ISCI Warden JOHANNA SMITH, Deputy Warden JAY CHRISTENSEN, Sgts. FULLER and RICH'ARD, Cpl. BICK CHRISTON, in their individual and official capacities; DOES 1 through 10, fictitiously named person,<br><br>               Defendants. | Case No. 1:10-cv-00294-REB<br><br>**MEMORANDUM DECISION AND ORDER** |

Currently pending before the Court in this prisoner civil rights matter is

Defendants' Motion for Summary Judgment (Dkt. 24). Also pending are Plaintiff's

Motion for Order to Compel Disclosure or Discovery (Dkt. 26), Motion to Defer Ruling

on Summary Judgment (Dkt. 27), Motion to Vacate Scheduling Order and Reopen

Discovery (Dkt. 30), and Motion for Appointment of Counsel (Dkt. 35).

The Court will resolve these matters on the written record and the parties' briefing

without oral argument. *See* D. Idaho L. Civil R. 7.1. The Court finds good cause to amend

MEMORANDUM DECISION AND ORDER - 1

Case 1:10-cv-00294-EJL   Document 40   Filed 10/23/12   Page 2 of 9

its scheduling order, reset the discovery deadline, and give Plaintiff leave to file a

supplemental response to Defendants' Motion for Summary Judgment. Plaintiff's motion

for the appointment of counsel will be denied without prejudice.

## BACKGROUND

In 2004, Plaintiff was appointed as a class representative in *Balla v. Idaho State

Board of Correction*, Case No. 1-81-cv-1165-BLW. (Amended Complaint, Dkt. 10, p. 6.)

Plaintiff alleges that after he began "actively exercising and asserting civil rights" as a

class representative in the *Balla* matter and in "other litigations," he "earned the

animosity, ill will and antagonism of IDOC officials, agents and employees." (*Id*. at 7.)

During this same time, Plaintiff was employed as a clerk by Correctional Industries (CI)

at the Idaho State Correctional Institution, and he asserts that his relationship with CI

management was affected negatively by his litigious activities, his knowledge of

"corrupt" business practices, and his complaints about the working conditions at CI. (Dkt.

10, pp. 6-7.)

Specifically, Plaintiff alleges that in November of 2007, CI switched from a

manual time-keeping system to an automated system that required workers to swipe a

plastic card through an electronic time clock. (*Id*. at 7-8.) Plaintiff contends that it was

commonly known that the new system occasionally failed to record a worker's "swipe,"

meaning that the worker's time would not be recorded on those occasions. (*Id*. at 8.) In

July of 2008, CI imposed a new policy to dock workers' pay if they failed to post their

time properly under the new system. (*Id*. at 9.) Plaintiff alleges that he and other inmates

MEMORANDUM DECISION AND ORDER - 2

complained about this policy on the ground that it would be unfair not to pay workers for time that they had actually worked simply because the electronic time-keeping system had malfunctioned. (*Id.* at 10.) In an unrelated matter, Plaintiff complained to supervisors that lunch was being served at CI in unsanitary conditions. (*Id.*)

On July 11, 2008, CI workers learned that they would not be paid on time because of an apparent accounting problem at the end of the fiscal year. (Dkt. 10, p. 11.) That morning, Plaintiff asked his supervisor, B.J. Bjorum, for permission to leave work for a previously scheduled visit at 2 p.m. (Dkt. 10, p. 11.) According to Plaintiff, Bjorum granted this request. (*Id.*) Also around 2 p.m., approximately 30 workers from various CI shops stopped work, apparently in protest of the late payment issue, and walked off the job. (*Id.* at 11.)

Plaintiff then alleges that Sergeant Richard conducted an investigation into the work stoppage and issued a Disciplinary Offense Report (DOR) to Plaintiff and other inmates. In the DOR, Plaintiff was accused of organizing the stoppage and rallying other workers to walk off the job. (Dkt. 10, p. 15.) Plaintiff contends that the charges were false, but he was found guilty after a hearing, and his appeal to the Warden was denied. (*Id.* at 18-19.) Because of the DOR, Plaintiff contends that he was terminated from his position at CI, received a less favorable housing assignment, and has been "blacklisted" from re-applying for employment at CI. (*Id.* at 21-23.)

On June 14, 2010, Plaintiff filed a Complaint in this Court, alleging that he had been the victim of wide-ranging unconstitutional retaliatory conduct at IDOC going back

**MEMORANDUM DECISION AND ORDER - 3**

to 2003, mainly because of his status as a class representative in *Balla*. (Dkt. 3.) The

Court conducted an initial review of the Complaint and determined that many of

Plaintiff's claims fell outside of the two-year statute of limitations. (Dkt. 7.) The Court

ordered Plaintiff to amend his Complaint to include only timely claims, which he did on

February 9, 2011, focusing primarily on the 2008 work stoppage and the DOR that

followed, upon which he relies for his core claims that prison officials had retaliated

against him for his legally protected activities. (Dkts. 8, 10.) The Court then allowed

Plaintiff to proceed. (Dkt. 9.)

After Defendants filed their Answer, the Court issued a Scheduling Order, setting a

discovery deadline of April 23, 2012, and a dispositive motions deadline of June 1, 2012.

(Dkt. 21.) In accordance with that Order, Defendants filed a Motion for Summary

Judgment on June 1, 2012. (Dkt. 24.)

Although Plaintiff has responded to Defendants' Motion, he alleges that he never

received a copy of the Court's Scheduling Order and that he was unaware of the

discovery and dispositive motions deadlines. (Dkt. 30.) As a result, he has asked the

Court to reopen discovery and to extend the deadline for him to submit a more complete

response. (*Id*.) He has also filed a motion for an order to compel certain discovery and for

the appointment of counsel to assist him. (Dkts. 26, 35.)

These matters are fully briefed, and the Court is now prepared to issue its ruling.

**MEMORANDUM DECISION AND ORDER - 4**

## DISCUSSION

### 1.    The Scheduling Order Will Be Amended

Because Plaintiff apparently did not receive the Court's Scheduling Order, the

Court finds good cause to grant his request to reopen discovery for a short period of time

and to submit a supplemental or amended response to Defendants' Motion for Summary

Judgment. *See* Fed. R. Civil P. 56(d) (authorizing a court to defer consideration of a

motion pending the submission of additional evidence).

The new discovery deadline will be December 21, 2012, and Plaintiff must submit

his supplemental or amended response by January 18, 2013. Defendants may submit a

supplemental reply by February1, 2013. The Court will defer ruling on Defendants'

Motion for Summary Judgment until after the briefing is complete.

### 2.    Plaintiff's Motion to Compel Will Be Denied Without Prejudice

Plaintiff has submitted a motion seeking a court order requiring Defendants to

comply with certain discovery requests. (Dkt. 26.) Plaintiff argues that Defendants'

counsel responded to the requests, rather than each named Defendant individually; that

Defendants' objections are evasive and incomplete; and, that Defendants have not

disclosed the information that he has sought. (*Id*.) Defendants respond that Plaintiff's

requests were procedurally defective because he combined them into one set of

documents that was directed to all Defendants. (Dkt. 28, pp. 3-4.) Nonetheless,

Defendants assert that they have attempted to respond in good faith, and while they have

raised objections where appropriate, in many instances they responded to the requests

**MEMORANDUM DECISION AND ORDER - 5**

"subject to and without waiving any objections." (*Id*. at 4.) Defendants further contend that many of Plaintiff's requests are excessively broad, burdensome, and seek irrelevant information. (*Id*.) For the reasons that follow, the Court will deny Plaintiff's Motion without prejudice, although Plaintiff may re-submit requests that fall within the scope of discovery, as limited and defined below.

Federal Rule of Civil Procedure 26(b) allows "[p]arties [to] obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . ." The term "relevant" is further defined as information that is "reasonably calculated to lead to the discovery of admissible evidence," and it "need not be admissible at trial." Fed. R. Civ. P. 26(b)(1). Although relevance has a broad meaning, district courts are given wide discretion to apply the discovery rules in a way that will achieve the policy of the Federal Rules of Civil Procedure; namely to "secure the just, speedy, and inexpensive determination of every action." Fed. R. Civ. P. 1.

If the answering party fails to respond adequately in discovery, the propounding party can move for an order compelling discovery under Federal Rule of Civil Procedure 37(a) after meeting and conferring with the opposing side. The court should deny a motion to compel if the information requested falls outside the scope of discovery. *See Nugget Hydroelectric, L.P. v. Pacific Gas & Elec. Co.*, 981 F.2d 429, 438-39 (9th Cir. 1992).

Here, the Court has allowed Plaintiff to proceed on claims that are related to the 2008 work stoppage at Correctional Industries, the DOR, and the adverse consequences to

**MEMORANDUM DECISION AND ORDER - 6**

Plaintiff flowing from those events. The Court previously concluded that Plaintiff could not reach back several years to litigate claims that are untimely under the statute of limitations (Dkt. 7), and therefore, his attempt to obtain discovery from Defendants for those years is unjustified.

Further, Plaintiff's attempt to inquire into the business practices at CI are not reasonably calculated to lead to the discovery of admissible evidence to prove his current claims. Although Plaintiff asserts that he was targeted for dismissal, in part, because of his knowledge of CI's allegedly corrupt and unethical practices, the Court finds this particular assertion to be speculative, at best.  Beyond conclusory allegations, Plaintiff contends only that he was somehow aware that a CI business manager had an "illegal interest" in products that had been installed in his home and that another supervisor supposedly said that "[a]nyone who wants to fight us will be the ones [sic] who end up leaving." (Dkt. 10, pp. 7, 14.) Opening up CI's records for inspection based on these thin and unsourced allegations that have no clear connection to the actions that Defendants allegedly took against Plaintiff in the wake of 2008 work stoppage would amount to an unwarranted fishing expedition.

On the other hand, requests for documents, records, and information that are related to the events at CI in the few weeks that preceded the work stoppage on July 11 (including Plaintiff's complaints about time keeping, late payment, and working conditions ), IDOC's investigation into the incident, the DOR against Plaintiff and others, and any adverse actions taken against Plaintiff in the immediate aftermath, would all be

**MEMORANDUM DECISION AND ORDER - 7**

potentially relevant to the claims in the Amended Complaint. To the extent that Plaintiff

discovery requests are limited to these areas, then, and to the extent that Defendants have

the pertinent material within their possession or control, the information must be

disclosed.

Plaintiff may re-submit discovery requests that fall within the time frame and

subject matter that the Court has outlined. Defendants will also be expected to respond to

reasonable requests that fall within the scope of permissible discovery, if they have not

already done so.

**3.     Counsel Will Not Be Appointed**

Plaintiff has moved the Court to appoint counsel to assist him, arguing that the

case is complex and requires an investigation beyond his capability as a prisoner. Unlike

criminal defendants, prisoners and indigents in civil actions have no constitutional right to

counsel unless their physical liberty is at stake. *Lassiter v. Dept. of Social Services*, 452

U.S. 18, 25 (1981). Whether a court appoints counsel for indigent litigants is within the

court's discretion. *Wilborn v. Escalderon*, 789 F.2d 1328, 1330-31 (9th Cir. 1986);

*Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1990).

Plaintiff has shown an ability to articulate his claims and to pursue his case quite

well for a pro se litigant. Moreover, all prisoners are at a disadvantage in investigating the

facts and in conducting discovery, and Plaintiff's situation is not unique. Plaintiff has not

otherwise convinced the Court that extraordinary circumstances warrant the appointment

of counsel, and his motion will be denied.

**MEMORANDUM DECISION AND ORDER - 8**

## ORDER

**IT IS ORDERED:**

1.    Plaintiff's Motion to Vacate Scheduling Order and Reopen Discovery (Dkt. 30) is GRANTED. The Scheduling Order (Dkt. 21) is amended as follows: all discovery shall be completed by **December 21, 2012.** Plaintiff must submit his supplemental or amended response to Defendants' Motion for Summary Judgment by **January 18, 2013.** Defendants may submit a supplemental reply by **February 1, 2013.** The Clerk of Court shall send a copy of the previous Scheduling Order (Dkt. 21) to Plaintiff with this Order.

2.    Plaintiff's Motion to Defer Ruling on Summary judgment Until Discovery is Completed (Dkt. 27) is GRANTED.

3.    Plaintiff's Motion for Order to Compel Disclosure or Discovery (Dkt. 26) is DENIED without prejudice.

4.    Plaintiff's Motion for Appointment of Counsel (Dkt. 35) is DENIED without prejudice.

DATED:  **October 23, 2012**

Honorable Ronald E. Bush
U. S. Magistrate Judge