UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| BARRY SEARCY,<br><br>       Plaintiff,<br><br>       v.<br><br>MARTIN THOMAS, KELLY BROWN, TERRY KNAPP, PAUL "BJ" BJORUM and SCOTT WALDEN, employees of Correctional Industries; IDOC Div. of Prisons Chief PAM SONNEN, ICSI Warden JOHANNA SMITH, Deputy Warden JAY CHRISTENSEN, Sgts. FULLER and RICHARD, and Cpl. BICK CHRISTON, in their official capacities; DOES 1 through 10, fictitiously named persons,<br><br>       Defendants. | Case No. 1:10-cv-00294-EJL<br><br>**MEMORANDUM DECISION AND ORDER** |

Pending before the Court in this prisoner civil rights matter is Plaintiff's Motion to Dismiss Without Prejudice (Dkt. 46). Having fully reviewed the record, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. The Court therefore enters the following Order.

## FACTUAL BACKGROUND

On June 14, 2010, Plaintiff Barry Searcy filed a Complaint in this Court, alleging that he had been the victim of wide-ranging unconstitutional retaliatory conduct at IDOC

**MEMORANDUM DECISION AND ORDER - 1**

going back to 2003.  Plaintiff alleges the retaliatory conduct is the result of his status as a class representative in *Balla v. Idaho State Board of Correction*, Case No. 1-81-cv-1165-BLW.  (Dkt. 3.)  The Court conducted an initial review of the Complaint and determined that many of Plaintiff's claims fell outside of the two-year statute of limitations.  (Dkt. 7.)  The Court ordered Plaintiff to amend his Complaint to include only timely claims, which he did on February 9, 2011.  (Dkts. 8, 10.)  The Court then allowed Plaintiff to proceed. (Dkt. 9.)

After Defendants filed their Answer, the Court issued a Scheduling Order, setting a discovery deadline of April 23, 2012, and a dispositive motions deadline of June 1, 2012. (Dkt. 21.)  In accordance with that Order, Defendants filed a Motion for Summary Judgment on June 1, 2012.  (Dkt. 24.)

Plaintiff responded to Defendants' Motion by alleging that he never received a copy of the Court's Scheduling Order and that he was unaware of the discovery and dispositive motions deadlines.  (Dkt. 30.)  Plaintiff filed a Motion to Vacate Scheduling Order (Dkt. 30), a Motion to Compel (Dkt. 26), a Motion to Defer Ruling on Summary Judgment (Dkt. 27) and a Motion for Appointment of Counsel. (Dkt. 35.)

The Court entered a Memorandum and Decision Order (Dkt. 40) on October 23, 2012, which granted Plaintiff's Motion to Vacate Scheduling Order, granted Plaintiff's Motion to Defer Ruling on Summary Judgment, denied Plaintiff's Motion to Compel without prejudice and denied Plaintiff's Motion to Appoint Counsel.  Plaintiff filed another Motion to Vacate and Reset the Amended Scheduling Order on December 17,

**MEMORANDUM DECISION AND ORDER - 2**

2012.  (Dkt. 44.)  On December 20, 2012, the Court issued an Order resetting Plaintiff's deadline to submit a supplemental or amended response to Defendants' Motion for Summary Judgment to January 30, 2013.  (Dkt. 45.)

On January 28, 2013, two days before his supplemental or amended response to Defendants' Motion for Summary Judgment was due, Plaintiff filed a Motion to Dismiss Without Prejudice.  (Dkt. 46.)  While Defendants do not oppose dismissal of the action, Defendants request that this matter be dismissed with prejudice.  (Dkt. 48.)  In the alternative, Defendants request the Court to condition a dismissal without prejudice on the Plaintiff's payment of Defendants' costs including attorney fees, or, that the Court grant Defendants' Motion for Summary Judgment in its entirety and dismiss this matter with prejudice.  (*Id.*)

## STANDARD OF LAW

Federal Rule of Civil Procedure 41(a)(2) allows a plaintiff, pursuant to an order of the court, and subject to any terms and conditions the court deems proper, to dismiss an action without prejudice at any time.  Fed.R.Civ.P. 41(a)(2).  A motion for voluntary dismissal under Rule 41(a)(2) "is addressed to the sound discretion of the district court, and its order will not be reversed unless [it] has abused its discretion."  *Hamilton v. Firestone Tire & Rubber Co.*, 679 F.2d 143, 145 (9th Cir. 1982).  Nevertheless, "[a] district court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a result."  *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001) (footnote omitted); *see also Westlands Water*

**MEMORANDUM DECISION AND ORDER - 3**

*Dist. v. United States*, 100 F.3d 94, 96 (9th Cir. 1996).

## DISCUSSION

### A.    Voluntary Dismissal

The Ninth Circuit has concluded that "legal prejudice is just that-prejudice to some legal interest, some legal claim, some legal argument." *Westlands Water Dist. v. United States*, 100 F.3d at 97.  Plain legal prejudice does not result simply because a suit remains unresolved, the defendant faces the prospect of a second lawsuit, or the plaintiff stands to gain some tactical advantage. *Id.*; *see also Hamilton*, 679 2d at 145.  In addition, the Ninth Circuit has specified that neither the fact that a defendant has incurred substantial expense, nor the fact that a defendant has begun trial preparations establishes legal prejudice warranting the denial of a motion under Rule 41(a)(2).  *Hamilton*, 679 at 145-46.

In the present case, Defendants assert that they will be prejudiced because (1) they have already filed a motion for summary judgment, (2) they have diligently pursued the conclusion of the action, are entitled to finality and should not be required to face the possibility of multiple suits and (3) they have incurred substantial expense in this litigation.  (Dkt. 48 p. 5.)  The Court will address each of these arguments in turn.

First, Defendants assert that they will suffer legal prejudice because by voluntarily dismissing Plaintiff's Complaint, Plaintiff will avoid a decision on the merits of Defendants' pending summary judgment motion.  This argument of course presumes a favorable result for Defendants.  However, "a pending motion for summary judgment is

**MEMORANDUM DECISION AND ORDER - 4**

only a factor to be considered and does not mandate that dismissal under Rule 41(a)(2) is

appropriate." *Mitchell-Jones v. Menzies Aviation, Inc.*, 2011 WL 3273221, at *3 (W.D.

Wash. July 28, 2011); *see also Creative Labs, Inc. v. Orchid Tech.*, No. C 93-4329TEH,

1997 WL 588923, at *2 (N.D.Cal. Sept. 12, 1997); and *Gunderson v. Alaska Airlines,*

*Inc.*, No. C06-1340MJP, 2007 WL 4246176, at *3 (W.D.Wash. Nov. 29, 2007).   Like in

*Mitchell-Jones*, Defendants' motion is not yet fully briefed.  Neither an actual response,

nor a reply, has been filed.  As the court in *Mitchell-Jones* reasoned:

> While granting plaintiffs' request for voluntary dismissal would prevent the Court
> from ruling on defendants [sic] motion, it would not preclude defendants from
> raising the same arguments and defenses in subsequent litigation.  In fact, there is
> no readily apparent reason why defendants could not resubmit their summary
> judgment motion should plaintiffs refile this suit.  Consequently, suspending a
> decision on the merits of defendants' motion does not create the type of legal
> prejudice that the Ninth Circuit has found sufficient to prevent a plaintiff from
> voluntarily dismissing a case.

2011 WL 3273221, at *3.  This Court agrees with *Mitchell-Jones*.  The prospect that

Defendants will have to refile their summary judgment motion does not constitute legal

prejudice sufficient to deny Plaintiff's motion for voluntary dismissal.

Second, Defendants assert that they will suffer legal prejudice because they have

diligently pursued the conclusion of the action, are entitled to finality and should not be

required to face the possibility of multiple suits.  However, as set forth above, the Ninth

Circuit has plainly rejected uncertainty and the prospect of a second lawsuit as a basis for

finding plain legal prejudice in the context of a Rule 41 (a)(2) motion.  *See Westlands*

*Water Dist. v. United States*, 100 F.3d at 97 ("[T]he threat of future litigation which

**MEMORANDUM DECISION AND ORDER - 5**

causes uncertainty is insufficient to establish plain legal prejudice."); and *Hamilton*, 679

2d at 145.

Finally, Defendants argue that they have incurred substantial expense in the

defense of this action as considerable discovery has been taken and a motion for summary

judgment with extensive supporting documents has been submitted.  Again, as set forth

above, the Ninth Circuit has plainly rejected this type of inconvenience and expense as a

basis for finding plain legal prejudice under Rule 41(a)(2).  *See, e.g., In re Lowenschuss*,

67 F.3d 1394, 1400-01 (9th Cir. 1995) ("[T]he inconvenience of defending another

lawsuit or the fact that the defendant has already begun trial preparations does not

constitute prejudice."); *Hyde & Drath v. Baker*, 24 F.3d 1162, 1169 (9th Cir. 1994);

*Hamilton*, 679 F.2d at 146 ("Appellant's contention that appellee should have been

estopped from requesting a voluntary dismissal, because appellant was put to significant

expense in preparing and filing its pleadings, is without merit.").

For the above-stated reasons, the Court finds that Defendants have not established

a sufficient basis for denying Plaintiff's motion for voluntary dismissal of this action. [1]

**B.     Conditions Upon Voluntary Dismissal**

Defendants alternatively argue that if the Court dismisses Plaintiff's Complaint

without prejudice, Defendants should be compensated for expenses already incurred in

---

[1]The Court does note, however, that the practical effect of granting Plaintiff's motion may very well be a dismissal with prejudice given statute of limitation issues that may arise if Plaintiff refiles the current claims.

**MEMORANDUM DECISION AND ORDER - 6**

litigating this matter in light of the fact that a new action may be brought by Plaintiff. The Court disagrees.

While a defendant's interests can be protected by conditioning a Rule 41(a)(2) dismissal without prejudice upon the payment of appropriate costs and attorney fees, imposition of costs and fees is not mandatory. *Westlands Water Dist. v. United States*, 100 F.3d at 97; *Stevedoring Services of Am. v. Armilla Int'l B.V.*, 889 F.2d 919, 921 (9th Cir. 1989). If fees are imposed "a defendant is entitled only to recover, as a condition of dismissal . . . , attorney fees or costs for work which is not useful in continuing litigation between the parties." *Koch v. Hankins*, 8 F.3d 650, 652 (9th Cir. 1993).

Nevertheless, Plaintiff's claim is a civil rights action under 42 U.S.C. § 1983. The Ninth Circuit has provided that attorney's fees should be granted to a defendant in a civil rights action only "upon a finding that plaintiff's action was frivolous, unreasonable, or without foundation." *Summers v. A. Teichert & Son, Inc.*, 127 F.3d 1150, 1154 (9th Cir. 1997) (*citing Christiansburg Garment Co. v. EEOC*, 434 U.S. 412 (1978)). No evidence has been set forth to support such a finding in this case. Although the applicability of this standard to a Rule 41(a)(2) motion to dismiss has never been resolved by the Ninth Circuit, the conflict has been noted. *See Lau v. Glendora Unified Sch. Dist.*, 792 F.2d 929, 931-932 (9th Cir. 1986) (Reinhardt, J. concurring) (directing the district court to decide whether the Rule 41(a)(2) standard or the civil rights standard is appropriate). Here, the Court does not have to decide which standard applies because several factors weigh against the imposition of fees and costs. Because most of the work completed by

**MEMORANDUM DECISION AND ORDER - 7**

Defendants would be relevant to a second action brought by Plaintiff on this same claim, the claim was not prosecuted in bad faith and because this is a civil rights action, attorney fees and costs are not appropriate.

For the above-stated reasons, the Court finds that Defendants have not established a sufficient basis for conditioning dismissal without prejudice on the Plaintiff's payment of Defendants' costs including attorney fees.

## C.      Summary Judgment

Defendants also alternatively request that their Motion for Summary Judgment be granted in its entirety and that the matter be dismissed with prejudice.  However, the Court will deny this request on three grounds.  First, as discussed above, Defendants have not established a sufficient basis for denying Plaintiff's motion for voluntary dismissal of this action.  Second, Defendants have not established that suspending a decision on the merits of Defendants' motion  creates the type of legal prejudice that the Ninth Circuit has found sufficient to prevent a plaintiff from voluntarily dismissing a case.  And third, the motion has not yet been fully briefed.

For the above stated reasons, the Court finds that Defendants have not established a sufficient basis for granting their Motion for Summary Judgment and dismissing this matter with prejudice.

**ORDER**

**IT IS ORDERED:**

1.      Plaintiff's Motion to Dismiss Without Prejudice (Dkt. 46) is GRANTED.

**MEMORANDUM DECISION AND ORDER - 8**

2.    Defendants' Motion for Summary Dismissal (Dkt. 24) is DISMISSED

       without prejudice.

DATED:  **March 6, 2013**

Honorable Edward J. Lodge
U. S. District Judge

**MEMORANDUM DECISION AND ORDER - 9**